**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| TRUSTEES OF THE LINE CONSTRUCTION BENEFIT FUND, a Health and Welfare Fund, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| | ) | Case No. 25-cv-1397 |
| v. | ) ) | |
| | ) | Judge Franklin U. Valderrama |
| ASOMEO ENVIRONMENTAL RESTORATION INDUSTRY, LLC, a California Limited Liability Company, | ) ) ) | Mag. Judge Young B. Kim |
| | ) | |
| Defendant. | ) | |

**MOTION FOR ENTRY OF JUDGMENT BY CONFESSION**

NOW COME Plaintiffs, TRUSTEES OF THE LINE CONSTRUCTION BENEFIT FUND ("LINECO" or "Plaintiffs"), by and through their undersigned attorney, and hereby moves the Court to enforce the Settlement Agreement ("Agreement") entered into by the parties and, by its terms, enter a confessed judgment in favor of Plaintiffs and against Defendant Asomeo Environmental Restoration Industry, LCC ("Defendant" or "AERI"), on the grounds that the Defendant has breached the settlement agreement and is therefore in default. In support of its motion, Plaintiffs state as follows:

1.  Plaintiffs filed their Complaint on February 10, 2025. (Dkt. 1).

2.  Defendant waived the service of summons on February 27, 2025. (Dkt. 7).

3.  The Parties entered into settlement negotiations on February 27, 2025.

4.  Defendant filed an answer to Plaintiffs' Complaint on April 11, 2025. (Dkt. 9).

5.  On July 23, 2025, the Parties executed a Settlement Agreement (the "Agreement"). (Ex. 1-A).

1

6.      Pursuant to the Agreement, the Parties filed a Joint Stipulation of Dismissal on July 25, 2025. (Dkt. 18).

7.      The Court dismissed the case without prejudice on July 30, 2025, with leave to reinstate on or before August 15, 2026. (Dkt. 20).

8.      Under the Agreement, Defendant was required to make monthly installment payments, including installment payments of $82,916.67 on February 15, 2026 and March 15, 2026. (Ex. 1-A, pp. 1-2, ¶¶ 2-3). Defendant failed to make these installment payments. (Ex. 1, p. 3, ¶¶ 10-12; Ex. 1-B, p. 3, ¶ 1).

9.      Under the Agreement, Defendant was also required to timely report and make monthly contribution payments for hours of work performed during the term of the Agreement, including monthly contributions that were due on December 15, 2025, January 15, 2026, February 15, 2026, March 15, 2026, and April 15, 2026. (Ex. 1-A, p. 2, ¶ 3). Defendant failed to make these contribution payments. (Ex. 1, p. 3, ¶¶ 10-12; Ex. 1-B, p. 2, ¶ 4).

10.     The Agreement contains the following notice and cure language:

> Upon the full execution of this Settlement Agreement ("Agreement"), [Plaintiffs] and [Defendant] will file a joint stipulation to dismiss the Lawsuit without prejudice in accordance with Federal Rule of Civil Procedure Rule 41. If [Defendant] fails to make the payments as described in paragraphs 1-4 of this Agreement, or otherwise fails to comply with the terms of this Agreement, [Defendant] will be in default. In the event [Defendant] goes into default, [Plaintiffs] will provide [Defendant], via email, with a Notice of Default. The Notice of Default will be emailed to: (1) [Defendant]'s counsel at mark.guest@lewisbrisbois.com; (2) Akan Ismaili at aismaili@aeri-ca.com; and (3) Chris Chain at chris@aeri-ca.com. If [Defendant] does not cure this default within 30 days of its receipt of the Notice of Default, the total amount demanded in the Complaint, including liquidated damages, interest, attorney's fees, court costs, costs associated with this Agreement, and all other costs permitted by law, shall immediately become due and owing, and [Plaintiffs] shall be entitled, in addition to any other remedy provided by law, to reinstate the lawsuit and pursue all such amounts….In addition to any other remedies [Plaintiffs] might process, in the case of [Defendant]'s

failure to comply with paragraphs 1 through 4, [Defendant] authorizes any attorney to appear on behalf of [Defendant] in any state court within the State of Illinois, or in any federal court in the Northern District of Illinois, and to confess judgment, without process, in favor of [Plaintiffs] and against [Defendant] for unpaid contributions, accrued liquidated damages, accrued interest, reasonable attorney's fees and court costs, other costs, and any other amount due under this Agreement.

(Ex. 1-A, pp. 2, 4, ¶¶ 5, 8).

11.     Because Defendant has failed to make the required monthly installment and contribution payments and the time period to cure has passed, Defendant has breached the Settlement Agreement. The parties agreed that the remedy for such breach would be for Plaintiffs to reinstate this lawsuit against Defendant for any amount due under the Agreement. (Ex. 1-A, pp. 2-4, ¶¶ 4-5, 8, 11).

12.     Plaintiffs, through their attorneys, provided a Notice of Default to Defendant's designated individuals under the Agreement on April 6, 2026. (Ex. 1, p. 3, ¶¶ 10-12; Ex. 1-B, pp. 1-3).

13.     Defendant failed to make the payment required to cure the default within 30 days of the Notice of Default being provided, as required under the Agreement. (Ex. 1, p. 3, ¶ 12).

14.     Through the Agreement, Defendant has agreed that in the event of a default by Defendant which is not cured after notice, LINECO is authorized to have a confessed judgment entered against Defendant, without notice, in the full amount owed under the Agreement. Per the Agreement, "in the case of [Defendant]'s failure to comply with paragraphs 1 through 4, [Defendant] authorizes any attorney to appear on behalf of [Defendant] in any state court within the State of Illinois, or in any federal court in the Northern District of Illinois, and to confess judgment, without process, in favor of [Plaintiffs] and against [Defendant] for unpaid contributions, accrued liquidated damages, accrued interest, reasonable attorney's fees and court costs, other costs, and any other amount due under this Agreement." (Ex. 1-A, p. 4, ¶ 8).

3

15.     Plaintiffs reinstated the case to pursue collection of the amounts still owed on May 12, 2026. (Dkt. 22).

16.     Defendant is currently delinquent to LINECO in the amount of $1,099,394.01. (Ex. 1, ¶ 13; Ex. 1-C, p. 1). This amount comprises remaining unpaid amounts under the Agreement in the amount of $497,499.80, delinquent contributions in the amount of $485,812.25, interest in the amount of $18,919.51, and liquidated damages in the amount of $97,162.45. (*Id.*).

17.     Plaintiffs bring the instant motion to enforce the confession of judgment provision in the Agreement.

18.     Confession of judgment clauses are enforceable in federal court and under the U.S. Constitution. *IFC Credit Corp. v. United Bus. & Indus. Fed. Credit Union*, 512 F.3d 989, 994 (7th Cir. 2008) (*citing D. H. Overmyer Co. v. Frick Co.*, 405 U.S. 174, 176 (1972)); *Soc'y of Lloyd's v. Ashenden*, 233 F.3d 473, 479 (7th Cir. 2000).

19.     Similarly, Illinois law recognizes the enforceability of a confession of judgment provision by expressly authorizing by statute that "any person for a debt bona fide due may confess judgment by himself or herself or attorney duly authorized, without process." 735 ILCS 5/2-1301(c) (West 2026).

20.     Because the Agreement, signed by Defendant, expressly provides that any attorney may appear for Defendant and confess judgment without process, LINECO is entitled to immediate entry of judgment in favor of Plaintiffs and against Defendant for the unpaid contributions, accrued liquidated damages and interest, reasonable attorney's fees and court costs, other costs, and any other amount due under the Agreement. (Ex. 1-A, p. 4, ¶ 8).

21.     Plaintiff has incurred additional amounts in attorneys' fees since the signing of the Agreement and through the date of filing of this motion, totaling $5,031.25. (*See* Exs. 2, 2-A) (attorney declaration and supporting records). These fees are included in the amounts for which Defendant has agreed to have a confessed judgment entered. The attorney fees identified are reasonable and necessary in the course of enforcing the Agreement and securing this confessed judgment against Defendant.

**WHEREFORE**, Plaintiff requests the following relief:

1.     That the Court find that Defendant, Asomeo Environmental Restoration Industry, LCC, a California Limited Liability Company, breached the Agreement, and that as a result of the breach, a confessed judgment be entered against Defendant.

2.     That judgment be entered forthwith against Defendant in favor of Plaintiffs in the amount of FOUR HUNDRED NINETY-SEVEN THOUSAND FOUR HUNDRED NINETY-NINE DOLLARS AND EIGHTY CENTS ($497,499.80) for remaining unpaid amounts under the Agreement, SIX HUNDRED ONE THOUSAND EIGHT HUNDRED AND NINETY-FOUR DOLLARS AND TWENTY-ONE CENTS ($601,894.21) for delinquent contributions, liquidated damages, and interest due and having accrued during the pendency of this lawsuit, and FIVE THOUSAND THIRTY-ONE DOLLARS AND TWENTY-FIVE CENTS ($5,031.25) in attorney's fees, for a total judgment of ONE MILLION ONE HUNDRED AND FOUR THOUSAND FOUR HUNDRED AND TWENTY-FIVE DOLLARS AND TWENTY-SIX CENTS ($1,104,425.26).

3.     For such other and further relief as the Court may deem just and proper.

Respectfully submitted,

Dated:   May 15, 2026          By: */s/ Je Hong Park*

           One of Plaintiffs' Attorneys

Je Hong Park
IL ARDC#: 6353556
Asher, Gittler & D'Alba, Ltd.
200 West Jackson Boulevard, Suite 720
Chicago, Illinois 60606
(312) 263-1500
jp@ulaw.com

6

## **CERTIFICATE OF SERVICE**

The undersigned attorney hereby certifies that on May 15, 2026, the foregoing document was filed electronically and served upon Defendant's counsel of record through the Court's CM/ECF system. Parties of record may obtain a copy through the Court's CM/ECF system. Copies of the foregoing document were also served on Defendant via email, as follows:

ASOMEO ENVIRONMENTAL RESTORATION INDUSTRY, LLC
Akan Ismaili; Chris Cain
2151 River Plaza Drive, Suite 105
Sacramento, CA 95833
aismaili@aeri-ca.com
chris@aeri-ca.com

*/s/ Je Hong Park*
Je Hong Park
*Attorney for Plaintiffs*
